IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES M. SAYLOR,<br><br>            Plaintiff,<br><br>vs.<br><br>STATE OF NEBRASKA and NDCS,<br><br>           Defendants. | 8:20CV264<br><br>**MEMORANDUM<br>AND ORDER** |

      Plaintiff, James M. Saylor, is a state prisoner currently incarcerated at the Nebraska Department of Correctional Service's Lincoln Correctional Center. Saylor's Complaint (Filing 1) was received and docketed by the clerk of the court on July 2, 2020, and Saylor paid the district court filing and administrative fees on July 20, 2020.[1] The court now conducts an initial review of Saylor's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915A.

I. SUMMARY OF COMPLAINT

      Seeking monetary and unspecified injunctive relief, Saylor brings this "civil rights action" (Filing 1 at 1) against the State of Nebraska and the Nebraska Department of Correctional Services ("NDCS"), alleging that:

---

[1] Saylor previously requested clarification that his Complaint was "filed" on June 29, 2020, when it was placed in the prison's internal mailing system. (See Filing 7.) In a Memorandum and Order entered on July 16, 2020, the court acknowledged that "under the prison mailbox rule, Plaintiff's Complaint would be deemed filed on June 29, 2020." (Filing 8.) The court did not address whether delayed payment of the filing fee would affect the filing date for purposes of the statute of limitations, nor does it make any ruling on that issue at this time. The court simply notes that, as authorized by 28 U.S.C. § 1914(c), its local rules provide: "Statutory filing fees must be paid before a case is filed and process is issued. Exceptions are proceedings in forma pauperis as governed by statute or local rules." NECivR 3.2.

- Between June 30, 2016, and July 25, 2016, Saylor was placed in a suicide cell even though Defendants knew, or should have known, that he was not suicidal, but was experiencing a PTSD breakdown. Necessary medical treatment was not provided, and Saylor's health suffered.
- NDCS caused Saylor to have a PTSD breakdown between April 2016 and July 25, 2016, by imposing solitary confinement and other unspecified conditions of confinement.
- Since 2002, NDCS discriminated against Saylor on the basis of his disability by imposing "endless" solitary confinement.
- NDCS denied Saylor medicine for his migraine headaches for more than a month, during August and September 2016.
- From and after June 30, 2016, NDCS denied Saylor necessary medical equipment.

## II. LEGAL STANDARDS ON INITIAL REVIEW

"The court shall review before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C.A. § 1915A(a) (Westlaw 2020). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint … (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C.A. § 1915A(b) (Westlaw 2020).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. DISCUSSION

Liberally construing Saylor's Complaint, this is a civil rights action brought under 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The only named defendants in this action are the State of Nebraska and NDCS. Generally, a state, its agencies and instrumentalities, and its employees in their official capacities are not "persons" "as that term is used in § 1983, and [are] not suable under the statute, regardless of the forum where the suit is maintained." *Hilton v. South Carolina Pub. Railways Comm'n*, 502 U.S. 197, 200-01 (1991); *see also McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008) (states, arms of the state, and state officials acting in their official capacities are not subject to suit under § 1983). In addition, the Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and state employees sued in their official capacities. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). In short, Saylor's § 1983 claims for monetary and injunctive relief cannot be maintained against the State of Nebraska or NDCS.

Because Saylor does not name any non-immune "persons" as defendants, all portions of the Complaint alleging constitutional violations are subject to dismissal under 28 U.S.C. § 1915A. A § 1983 claim for money damages may only be brought against a state official or employee who is sued in his or her individual capacity, and it must be pled that he or she participated in the alleged violation of the plaintiff's constitutional rights.[2] *See White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017) ("To prevail on a § 1983 claim, a plaintiff must show each individual defendant's personal involvement in the alleged violation."). Injunctive relief may only be obtained under § 1983 by suing a responsible state official or employee in his or her official capacity, and the relief sought must be prospective only.[3]

It is alleged in the Complaint that "NDCS has discriminated against Saylor based solely on his disability since 2002 by imposing endless solitary confinement,

---

[2] The court expresses no opinion as to whether Saylor's allegations of fact would be sufficient to state a plausible § 1983 claim if alleged against a proper defendant. In general, "[t]o establish a conditions of confinement claim, a plaintiff must demonstrate (1) that the alleged deprivation was 'objectively, sufficiently serious' to result in the 'denial of the minimal civilized measure of life's necessities,' and (2) that the prison official whose action or omission caused the deprivation behaved with 'deliberate indifference to inmate health or safety.'" *Hamner v. Burls*, 937 F.3d 1171, 1178 (8th Cir. 2019) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Also, "[m]ere negligence in diagnosing or treating a medical condition does not rise to the level of an Eighth Amendment violation." *Id.* (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "A prisoner must allege instead '(1) that [he] suffered objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Id.* (quoting *Plemmons v. Roberts*, 439 F.3d 818, 823 (8th Cir. 2006)).

[3] State officials sued in their official capacities for injunctive relief are "persons" under § 1983, because official capacity actions for prospective relief are not treated as actions against the State. *Hafer v. Melo*, 502 U.S. 21, 27 (1991); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). Under the doctrine of *Ex parte Young*, a state's Eleventh Amendment immunity does not bar a suit against state officials when the plaintiff seeks only prospective relief for ongoing violations of federal rights. *Verizon Md. Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635 (2002); *Ex Parte Young*, 209 U.S. 123 (1908).

causing damage." (Filing 1, ¶ 6.) This allegation suggests that Saylor may also be asserting a claim under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*, or under the Rehabilitation Act ("RA"), 29 U.S.C. § 794 *et seq.* Again, however, the State of Nebraska and NDCS are not proper defendants. While Title II of the ADA applies to "any State" and "any department, agency, ... or other instrumentality of a State," 42 U.S.C. § 12131(1),[4] and the RA applies to "any program or activity receiving Federal financial assistance," including "a department, agency, … or other instrumentality of a State," 29 U.S.C. § 794 (West), the named defendant in any lawsuit brought under either of these Acts must be "the head of the department, agency, or unit, as appropriate." 42 U.S.C. § 2000e-16(c); 42 U.S.C. § 12133; 29 U.S.C. § 794a(a)(1).

## IV. CONCLUSION

Saylor's Complaint fails to state a claim upon which relief may be granted, and is subject to immediate dismissal under 28 U.S.C. §1915A. However, the court on its own motion will give Saylor 30 days in which to file an Amended Complaint. If an Amended Complaint is not filed within 30 days, this action will be dismissed without further notice.[5]

IT IS THEREFORE ORDERED:

1. Plaintiff shall have 30 days in which to file an Amended Complaint that states a claim upon which relief may be granted. Failure to file an Amended Complaint within 30 days will result in the court dismissing the case without prejudice, and without further notice to Plaintiff.

---

[4] Title II applies to state prisons. *See United States v. Georgia*, 546 U.S. 151, 154 (2006); *Pennsylvania Dept. of Corrections v. Yeskey,* 524 U.S. 206, 210 (1998).

[5] Saylor admits that he filed "a bare-bones complaint meant to accomplish compliance with filing deadlines only," and indicates that the complaint "will be amended and served upon defendants after counsel is secured." (Filing 1 at 1-2.) The court will not permit this case to stagnate on its docket while Saylor looks for an attorney. However, if counsel enters an appearance, the case will be removed from the court's pro se docket. *See* General Order No. 2020-01, ¶ 5 (Filing 5.)

2. If Plaintiff files an Amended Complaint, he shall restate the allegations of the Complaint (Filing 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an Amended Complaint will supersede, not supplement, his prior pleadings.

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915A in the event he files an Amended Complaint.

4. The clerk of the court is directed to set the following pro se case management deadline: **October 14, 2020**, check for amended complaint.

Dated this 14th day of September, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge