IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES M. SAYLOR,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF NEBRASKA and NDCS,<br><br>Defendants. | 8:20CV264<br><br>**MEMORANDUM AND ORDER** |

    This matter is before the court on three motions Plaintiff mailed to the court on December 20, 2020 (see Filing 26), which were received on December 22, 2020: (1) Motion Requesting Extension of Time to Preserve Issues (Filing 22); (2) Motion Requesting Leave to Amend (Filing 23); and (3) Motion Requesting Leave to Replace Handwritten Amended Complaint With Typed Amended Complaint (Filing 24). All three motions will be denied.

<u>Filing 22</u>

    Plaintiff requests "to raise certain claims and issues, either in this action … or by filing an additional suit or suits." (Filing 22 at 1.) Plaintiff apparently is concerned with limitations issues, but the court cannot preemptively toll the running of the statute of limitations. It is premature to determine whether the limitations period has run on any claim, or whether amendments to the pleading will relate back to the date of filing of Plaintiff's Complaint. *See* Fed. R. Civ. P. 15(c). Indeed, as the court noted in its Memorandum and Order of September 14, 2020, the effective filing date for the Complaint may also be at issue because of Plaintiff's delayed payment of the statutory filing fee. (See Filing 10 at 1, n. 1.)

<u>Filing 23</u>

    On September 14, 2020, the court on its own motion granted Plaintiff leave to file an amended complaint after concluding on initial review that the Complaint is subject to dismissal under 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted. (See Filing 10 at 5.) On Plaintiff's motions, the original 30-day filing deadline was extended for an additional 60 days on September 28, 2020,

and by an additional 30 days on December 18, 2020. (See Filings 13, 20.) As a result of those extensions of time, Plaintiff now has until January 13, 2021 to file an amended complaint.

The proposed Verified Amended Complaint that is attached to Plaintiff's motion for leave to amend is a 208-page handwritten document, which contains 366 numbered paragraphs, plus numerous subparagraphs (Filing 23-1). In addition, there is a 38-page attachment to the Verified Amended Complaint (Filing 23-2). Many, if not most, of the paragraphs do not contain factual allegations, but instead consist entirely of legal arguments and summaries of federal statutes, regulations, and caselaw. As such, the proposed Verified Amended Complaint fails to comply with federal pleading standards.

> Although courts construe pro se pleadings liberally, pro se litigants, like all other parties, must abide by the Federal Rules of Civil Procedure. *See, e.g., Williams v. Harmon*, 294 Fed.Appx. 243, 245 (8th Cir. 2008) (affirming dismissal where pro se litigant failed to comply with the Federal Rules of Civil Procedure). Those rules require parties to formulate their pleadings in an organized and comprehensible manner. Specifically, Federal Rule of Civil Procedure 8(a)(1)-(3) requires that a complaint contain a "short and plain statement of the grounds for the court's jurisdiction," a "short and plain statement" of the plaintiff's claims and a "demand for the relief sought." Federal Rule of Civil Procedure 8(d)(1) provides that, although no technical form of pleading is required, each claim must be simple, concise and direct. Federal Rule of Civil Procedure 10(b) directs parties to separate their claims within their pleadings and provides that each claim should be limited as far as practicable to a single set of circumstances. In addition, Rule 10(b) makes clear that each claim that is founded on a separate transaction or occurrence must be stated in a separate count when doing so would promote clarity.

*McPeek v. Unknown Sioux City DEA Officers*, No. C17-4011-LTS, 2017 WL 1502809, at *3 (N.D. Iowa Apr. 25, 2017), *aff'd sub nom. McPeek v. Sioux City DEA Unknown Officers*, No. 17-2030, 2017 WL 5440036 (8th Cir. Sept. 29, 2017).

The primary purpose of Rule 8 is to allow the court and an opposing party to understand whether a valid claim is alleged and, if so, what it is; the complaint must be sufficiently clear so the court or an opposing party is not required to keep sifting

through it in search of what it is plaintiff asserts. *Cody v. Loen*, 468 F. App'x 644, 645 (8th Cir. 2012) (per curiam) (unpublished opinion) (citing *Vicom, Inc. v. Harbridge Merch. Servs., Inc.,* 20 F.3d 771, 775-76 (7th Cir. 1994)); *cf. Michaelis v. Neb. State Bar Ass'n,* 717 F.2d 437, 439 (8th Cir.1983) (per curiam) (given amended complaint's 98 pages with 144 numbered paragraphs, and its style and prolixity of pleadings, orderly trial would have been impossible). "Rule 8 is both a floor and a ceiling: it can be violated by a complaint that pleads too little and by a complaint that pleads too much." *Anderson v. Nebraska*, No. 4:17-CV-3073, 2019 WL 3557088, at *8 (D. Neb. Aug. 5, 2019) (quoting *Residential Funding Co., LLC v. Acad. Mortg. Corp.*, 59 F. Supp. 3d 935, 947 (D. Minn. 2014) (cleaned up)). "A litigant cannot ignore her burden of developed pleading and expect the district court to ferret out small needles from diffuse haystacks." *Murillo v. Kittelson*, No. 8:19CV571, 2020 WL 3250231, at *3 (D. Neb. June 16, 2020) (quoting *United States v. Slade*, 980 F.2d 27, 31 (1st Cir. 1992)).

Because Plaintiff's proposed Verified Amended Complaint is not a "short and plain" statement of claims, consisting of "simple, concise, and direct" allegations of fact, the court will not permit its filing. *See Williams v. Harmon*, 294 F. App'x 243, 245 (8th Cir. 2008) (per curiam) (unpublished opinion) (affirming preservice dismissal of rambling, 41-page complaint with 303 exhibits for pro se prisoner's failure to comply with Federal Rule of Civil Procedure 8); *see also Cody*, 468 F. App'x at 645 (75-page fourth amended complaint with 246 paragraphs and repeated references to various other documents failed to comply with Rule 8); *Chandler v. Pogue,* 56 Fed.Appx. 756 (8th Cir. 2003) (per curiam) (unpublished opinion) (holding district court did not abuse its discretion by dismissing pro se inmate's lengthy complaint for failure to comply with Rules 8 and 10). The court will instead give Plaintiff another extension of time to file an amended complaint that states a claim upon which relief may be granted and which complies with federal pleading standards. The court will not set a page limitation at this time, *see, e.g., Kemp v. Black Hawk Cty. Jail*, No. C15-2094-LRR, 2016 WL 482059, at *2-4 (N.D. Iowa Feb. 5, 2016) (directing pro se plaintiff to file amended complaint with statement of claim limited to 5 pages, written on one side of the paper and double-spaced), but will expect Plaintiff to pare his pleading down to a manageable size.

<u>Filing 24</u>

Finally, Plaintiff requests that he be allowed to "swap a typed Verified Amended Complaint for the handwritten Verified Amended Complaint." (filing 24 at 2.) This motion will be denied as moot.

IT IS THEREFORE ORDERED:

1) Plaintiff's Motion Requesting Extension of Time to Preserve Issues (Filing 22) is denied.

2) Plaintiff's Motion Requesting Leave to Amend (Filing 23) is denied.

3) Plaintiff's Motion Requesting Leave to Replace Handwritten Amended Complaint With Typed Amended Complaint (Filing 24) is denied.

4) On the court's own motion, Plaintiff shall have an additional extension of time, until February 3, 2021, to file an amended complaint that states a claim upon which relief may be granted and which complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

5) The clerk of the court is directed to set the following pro se case management deadline: February 3, 2021, check for amended complaint.

Dated this 4th day of January, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge