IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES M. SAYLOR,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF NEBRASKA; NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES; SCOTT R. FRAKES; HARBANS DEOL, D.O., PH.D.; RANDY T. KOHL, M.D.; MICHAEL KENNEY; ROBERT P. HOUSTON; HAROLD W. CLARKE; and JOHN AND JANE DOES 1 THROUGH __,<br><br>Defendants. | 8:20CV264<br><br>**MEMORANDUM<br>AND ORDER** |

This matter is before the court for initial review of Plaintiff's (Second) Verified Amended Complaint (Filing 51).

I. STANDARDS ON INITIAL REVIEW

The court is required to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C.A. § 1915A(a). On such initial review, the court must dismiss the complaint if it: "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C.A. § 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins*

*v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II. BACKGOUND

Plaintiff is a state prisoner currently incarcerated at the Nebraska Department of Correctional Service's Lincoln Correctional Center. Plaintiff's original Complaint (Filing 1) was received and docketed by the clerk of the court on July 2, 2020, and payment of the court's filing and administrative fees was received on July 20, 2020. The court thereafter conducted an initial review of the original Complaint, and, in a Memorandum and Order entered on September 14, 2020 (Filing 10), determined that it failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983. The only named Defendants in the original Complaint were the State of Nebraska and the Nebraska Department of Correctional Services ("NDCS"). The court also noted that if Plaintiff was intending to assert a claim under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*, or the Rehabilitation Act ("RA"), 29 U.S.C. § 794 *et seq.*, the only proper defendant would be "the head of the department agency, or unit, as appropriate." 42 U.S.C. § 2000e-16(c); 42 U.S.C. § 12133; 29 U.S.C. § 794a(a)(1).

The court *sua sponte* gave Plaintiff 30 days to file an amended complaint, and, on motions filed by Plaintiff, subsequently granted several extensions of time. (See Filings 10, 13, 20, 30, 34, 36, 46.) Plaintiff's (First) Verified Amended Complaint (Filing 45) was accepted by the court as timely filed as of April 12, 2021, but was not reviewed under 28 U.S.C. § 1915A because Plaintiff was permitted to "swap" that pleading, which contained various handwritten corrections and interlineations, with a "final and corrected draft." (See Filings 46, 47, 49.) The (Second) Verified Amended Complaint (Filing 51) was received by the clerk of the court and docketed on May 12, 2021. It supersedes the prior pleadings. (See Filings 10, 49.)

### III. ANALYSIS

In the (Second) Verified Amended Complaint, Plaintiff specifies that he is only asserting claims under Title II of the ADA and Section 504 of the Rehabilitation Act. (See Filing 51, p. 2 & ¶ 14.) Although Plaintiff still names the State of Nebraska and NDCS as Defendants, along with several current and former NDCS officials (both known and unknown), the only necessary and proper Defendant in this action is Scott R. Frakes, who is sued in his official capacity as Director of NDCS.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Section 504 of the RA similarly provides that "[n]o otherwise qualified individual with a disability ... shall ... be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). The enforcement, remedies, and rights are the same under both Title II of the ADA and § 504, although the RA contains the additional requirement that the plaintiff show the program or activity from which he is excluded receives federal financial assistance. *See Gorman v. Bartch*, 152 F.3d 907, 911 (8th Cir. 1998). Given the similarities between the ADA and § 504, "cases interpreting either are applicable and interchangeable." *Id.*, at 912.

Under the ADA, there are two means of discrimination: (1) disparate treatment and (2) the failure to make reasonable accommodations. *Peebles v. Potter*, 354 F.3d 761, 765 (8th Cir. 2004). Disparate treatment discrimination is based on "intent or actual motive," whereas in the second type of claim, "the 'discrimination' is framed in terms of the failure to fulfill an affirmative duty—the failure to reasonably accommodate the disabled individual's limitations." *Id.* at 767. Liberally construing the allegations of Plaintiff's (Second) Verified Amended Complaint, he is claiming both types of discrimination.

In general, Plaintiff alleges he suffers from post-traumatic stress disorder ("PTSD") as a result of having been brutally attacked by other prisoners in May 2002, and since then has been held in solitary confinement, with the exception of a 36-month period between October 2007 and September 2010, when he was placed in a single cell in a protective custody unit, and an 18-month period between July 2016 and January 2018, when he was assigned to a mental health unit. To the extent Plaintiff complains he has not received proper treatment for his PTSD, he cannot obtain relief under the ADA or RA. *See Shelton v. Arkansas Dep't of Human Servs.*, 677 F.3d 837, 843 (8th Cir. 2012) ("a claim based upon improper medical treatment decision[s] may not be brought pursuant to either the ADA or the Rehabilitation Act"); *Burger v. Bloomberg*, 418 F.3d 882 (8th Cir. 2005) (neither ADA nor Rehabilitation Act claim may be based on medical treatment decisions). However, insofar as Plaintiffs alleges that because of his PTSD he has been placed in solitary confinement and has been excluded from participation in or denied the benefits of certain prison services, programs, and activities, a plausible claim for relief is stated. *See Dinkins v. Corr. Med. Servs.*, 743 F.3d 633, 634-35 (8th Cir. 2014) (per curiam) (affirming dismissal of ADA and RA claims involving medical treatment decisions, but reversing dismissal of claims that disabled prisoner who was placed in solitary confinement was denied meals, adequate housing, and physical therapy). *See also Thomas v. Dart*, No. 17 C 4233, 2019 WL 1932589, at *3 (N.D. Ill. Apr. 30, 2019) (denying sheriff's motion to dismiss where prisoner plaintiff alleged he was placed in solitary confinement without accommodation for his PTSD and that while there, he was denied access to "any counseling or medical attention that would have helped

4

his PTSD" and "as a result, [his] condition was exacerbated."); *Andrews v. Rauner*, No. 3:18-CV-1101, 2018 WL 3748401, at *5 (C.D. Ill. Aug. 6, 2018) (placing an inmate in solitary confinement because of her mental disability stated ADA and RA claims); *Corbin v. Indiana*, No. 3:16-CV-602-PPS/MGG, 2018 WL 1920711, at *3 (N.D. Ind. Apr. 23, 2018) (claim that plaintiff "was denied basic psychological care and services while he was housed in solitary confinement and that other inmates were afforded such services" plausibly alleged violation of the ADA). *Cf. Trevino v. Woodbury Cty. Jail*, 623 F. App'x 824, 825 (8th Cir. 2015) (unpublished opinion) (on evidence presented, summary judgment was properly entered against plaintiff prisoner on ADA claims that he was placed in solitary confinement on account of his disability, and that jail was deliberately indifferent to his rights).

## IV. CONCLUSION

Plaintiff's (Second) Verified Amended Complaint states plausible claims for relief under Title II of the ADA and Section 504 of the Rehabilitation Act, and the case therefore will proceed to service against Defendant Scott R. Frakes, in his official capacity as NDCS Director.[1] The court cautions Plaintiff that allowing these claims to proceed to service of process is not a determination of the merits of the claims or potential defenses to them.

IT IS THEREFORE ORDERED:

1. This case shall proceed to service of process on Plaintiff's claims as against Defendant Scott R. Frakes, in his official capacity as the Director of the Nebraska Department of Correctional Services.

---

[1] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory).

2. Claims alleged against all other Defendants are dismissed without prejudice.

3. For service of process of process on Defendant Scott R. Frakes, in his official capacity, the clerk of the court is directed to complete a summons form and USM-285 form using the following address:

> Nebraska Attorney General
> 2115 State Capitol
> Lincoln, NE 68509

4. The clerk of the court shall forward the summons form and USM-285 form together with a cop of the (Second) Verified Amended Complaint (Filing 51) and a copy of this Memorandum and Order to the Marshals Service.

5. The Marshals Service shall serve Defendant Scott R. Frakes, in his official capacity, at the above-listed address by "leaving the summons at the office of the Attorney General with the Attorney General, deputy attorney general, or someone designated in writing by the Attorney General, or by certified mail or designated delivery service addressed to the office of the Attorney General." Neb. Rev. Stat. § 25-510.02(1) (prescribed method for serving the State of Nebraska or any state agency).[2]

6. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

7. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted,

---

[2] *See* Fed. R. Civ. P. 4(j)(2) ("A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.").

on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

8. The clerk of the court is directed to set the following pro se case management deadline: "September 22, 2021: check for service."

9. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

Dated this 24th day of June, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge