IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES M. SAYLOR, <br><br> Plaintiff, <br><br> vs. <br><br> SCOTT R. FRAKES, <br><br> Defendant. | 8:20CV264 <br><br> **MEMORANDUM AND ORDER** |

This matter is before the court on Plaintiff's motion for temporary restraining order and preliminary injunction (Filing 96). The motion, although prepared and signed by Plaintiff personally, was filed electronically on March 13, 2022, by attorney Joshua D. Barber, who entered an appearance for the limited purpose of making such filing.

Plaintiff is a pro se litigant who is incarcerated at the Nebraska Department of Correctional Service's Lincoln Correctional Center. Plaintiff complains he has been held in solitary confinement for years because he suffers from post-traumatic stress disorder as a result of being attacked by other prisoners in May 2002. Plaintiff claims in his amended complaint (Filing 51) that the solitary confinement violates Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act.

In the pending motion, Plaintiff declares he was informed by prison officials on March 7, 2022, that all of his legal materials and other materials stored in the prison's property control area are going to be thrown away "imminently." Plaintiff states he needs those materials, including evidentiary materials such as grievances, correspondence, and medical records, for use in the instant litigation and in another case which is pending in state court. Plaintiff requests that Defendant Scott Frakes, who is sued in his official capacity as the Director of the Nebraska Department of Correctional Services, be enjoined from disposing of Plaintiff's legal materials, and that Plaintiff be given complete access to those materials.

The purpose of intermediate injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, is to preserve the status quo and protect the plaintiff from the harms alleged in his complaint until the court has an opportunity to rule on the merits of the plaintiff's claims. *See Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir. 1994); *Omega World Travel, Inc. v. Trans World Airlines,* 111 F.3d 14, 16 (4th Cir. 1997). Because a "preliminary injunction is ... appropriate to grant intermediate relief *of the same character as that which may be granted finally*" and not for matters "lying wholly outside the issues in the suit," *De Beers Consol. Mines v. United States,* 325 U.S. 212, 220 (1945) (emphasis added), a party moving for such relief "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint," *Devose,* 42 F.3d at 471. A plaintiff may not obtain a preliminary injunction "based on new assertions of mistreatment that are entirely different from the claim[s] raised and the relief requested" in his underlying complaint. *Devose,* 42 F.3d at 471; *see also Omega World Travel,* 111 F.3d at 16 ("[A] preliminary injunction may never issue to prevent injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action."); *Kaimowitz v. Orlando, Fla.,* 122 F.3d 41, 43 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit.").

Plaintiff has not established the necessary connection between the injuries claimed in his motions for injunctive relief and the conduct asserted in his complaint. While his underlying complaint concerns his placement in solitary confinement, his motion for a temporary restraining order and a preliminary injunction is based on new assertions involving his stored legal materials. Because the injuries claimed and the relief requested in his motion for injunctive relief are unrelated to the conduct alleged in his complaint, they cannot support a temporary restraining order or a preliminary injunction. *See Devose,* 42 F.3d at 471 (holding that "new assertions" of retaliation and mistreatment "cannot provide the basis for a preliminary injunction"); *Hale v. Wood,* 89 F.3d 840, 840 (8th Cir. 1996) ("We reject Hale's contention that defendants' allegedly threatening and retaliatory behavior mandate granting injunctive relief, because Hale failed to establish a connection between these injuries and the conduct he challenged in his complaint."); *Jackson v. Hereford*, No. CV 14-2982 (JRT/BRT), 2015 WL 6445333, at *1-5 (D. Minn. Oct. 23, 2015) (denying

motions for a temporary restraining order and a preliminary injunction for return of prisoner's confiscated legal papers where underlying complaint involved claims that prisoner was denied adequate medical care, secured on a restraint board, and denied access to a restroom and shower); *Semler v. Ludeman,* No. 09-0732, 2010 WL 145275, at *30 (D. Minn. Jan. 8, 2010) (denying a request for injunctive relief based on a claim that prison officials confiscated the plaintiff's legal materials because that "claim does not pertain to the claims currently before the Court—it involves an entirely different set of events that are not part of Plaintiffs' lawsuit"); *Frye v. Minn. Dep't of Corr.*, No. 05-1327, 2006 WL 2502236, at *1 (D. Minn. Aug. 29, 2006) (concluding that allegations that "prison officials seized [the plaintiff's] papers in order to inhibit his litigation" did not warrant a preliminary injunction because they were "unrelated to the issues he raised in his complaint").

IT IS THEREFORE ORDERED:

1. Plaintiff's motion for temporary restraining order and preliminary injunction (Filing 96) is denied in all respects.

2. Joshua D. Barber is granted leave to withdraw as counsel for Plaintiff.

Dated this 14th day of March, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge