IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES M. SAYLOR,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>ROB JEFFREYS, Director of the Nebraska Department of Correctional Services, in his official capacity,[1]<br><br>　　　　　　Defendant. | 8:20-CV-264<br><br><br>MEMORANDUM AND ORDER |

　　　　This Court dismissed the plaintiff's complaint over a year ago. Filing 105. The plaintiff claims that was wrong. He also claims that he asked for leave to amend his complaint *before* the Court dismissed it. So, he's filed two motions. One asks the Court to alter or amend its judgment of dismissal. Filing 122. The other asks the Court for leave to file his proposed second amended complaint. Filing 121. The Court will deny both motions.

BACKGROUND

　　　　This case began with a complaint filed on July 2, 2020, alleging among other things a claim for disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. (ADA) and § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. Filing 1. The plaintiff is a state prisoner, and loosely described he alleges that a prison assault caused post-traumatic stress disorder that the Nebraska Department of Correctional Services isn't adequately accommodating.

---

[1] Rob Jeffreys is now the Director of the Nebraska Department of Correctional Services and will be automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

On initial review, Judge Kopf directed the plaintiff to file an amended complaint that stated a claim upon which relief could be granted. Filing 10. The plaintiff filed an amended complaint on May 21, 2021, that passed muster (at least in part) and proceeded to service of process against the Director of the Nebraska Department of Correctional Services. Filing 51, filing 54.

The Director filed a motion to dismiss (filing 61) on August 12, 2021, based solely on *res judicata*, pointing out that the plaintiff had litigated two similar cases in this Court already. Filing 62; *see Saylor v. Nebraska*, 812 F.3d 637 (8th Cir. 2016); *Saylor v. Nebraska*, No. 8:17-CV-472, 2018 WL 1732178, at \*1 (D. Neb. Apr. 10, 2018); *see also Saylor v. State*, 315 Neb. 285 (2023) (affirming dismissal of plaintiff's state law claims based on claim preclusion). After seven extensions of his response deadline, the plaintiff was told no further extensions would be granted and February 24, 2022 was his final deadline—and on February 28, the plaintiff's opposition brief arrived in the mail.[2] In it, the plaintiff claimed his claims in this case were "based on new material facts which occurred after any prior judgment against him." Filing 91 at 2. The Director's reply brief was filed on May 4.

On June 27, 2022, Judge Kopf granted the Director's motion to dismiss, and dismissed the plaintiff's complaint. Filing 105. Judge Kopf recognized that claim preclusion doesn't apply to claims that didn't arise until after the first suit was filed. Filing 105 at 19 (citing *United States v. Bala*, 948 F.3d 948, 951 (8th Cir. 2020)). But Judge Kopf found that the plaintiff's allegations of "subsequent developments" since the dismissal of his previous case

---

[2] The plaintiff is still incarcerated, *see generally State v. Saylor*, 392 N.W.2d 789 (Neb. 1986), and the Court assumes without deciding that the "prison mailbox rule" can be applied to the plaintiff's filings, *see Mortensbak v. Butler*, 102 F. Supp. 3d 1085, 1091 n.6 (D.S.D. 2015).

"concern[ed] the continuation of [the] same conduct" alleged in the previous case, meaning the previous dismissal had preclusive effect. Filing 105 at 21.

Judge Kopf also addressed whether the plaintiff would be permitted to amend his complaint. The plaintiff, in conjunction with his brief opposing the Director's motion to dismiss, had indicated his intent to ask for leave to file a second amended complaint. Filing 105 at 25 (citing filing 90). Judge Kopf "[l]iberally constru[ed]" that as a motion for additional time to seek leave to amend, but denied that motion. Filing 105 at 25. Judge Kopf reasoned that the plaintiff hadn't provided a copy of a proposed amended pleading or otherwise explained the substance of his proposed amendment. Filing 105 at 25. The plaintiff also, Judge Kopf explained, had effectively elected to stand on his operative pleading:

> The court liberally granted [the plaintiff's] repeated motions for extensions of time to respond to [the Director's] motion to dismiss, from August 12, 2021, until April 27, 2022, and additional time has passed since then. [The plaintiff[ chose to stand on his pleadings in the face of [the Director's] motion to dismiss, which clearly identified the deficiency of his second amended complaint. The court will not allow this case to be drawn out any further.

Filing 105 at 25-26 (citation omitted). After some clerical errors, the Court's judgment of dismissal was filed on July 21, 2022. Filing 115.

## DISCUSSION

Despite Judge Kopf's intent, this case has indeed been drawn out further. The two motions currently before the Court were allegedly mailed by the plaintiff on August 18, and filed on September 2. Filing 121 at 25; filing 122 at

3. One takes issue with the Court's dismissal of the operative complaint, and asks the Court to alter or amend its judgment pursuant to Fed. R. Civ. P. 59. Filing 122. The other, captioned as a "Motion Regarding Already Filed Motion," takes issue with the Court's denial of leave to amend, and asks for leave to file a second amended complaint. Filing 121.

MOTION TO ALTER OR AMEND JUDGMENT

The Court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e). *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 934 (8th Cir. 2006). But Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *Metro. St. Louis Sewer Dist.*, 440 F.3d at 934. They can't be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. *Id.*; *see Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008); *Preston v. City of Pleasant Hill*, 642 F.3d 646, 652 (8th Cir. 2011); *Anjulo-Lopez v. United States*, 541 F.3d 814, 818 n.3 (8th Cir. 2008). And it's improper to repeat arguments the Court has already rejected. *See Preston*, 642 F.3d at 652.

Which is precisely what the plaintiff is trying to do here. He claims that the Court made "manifest errors of both law and fact" in determining that his claims were precluded. Filing 122 at 1. But a "manifest error" means that the Court "misunderstood the facts, a party's arguments, or the controlling law." *Van Horn v. Specialized Support Servs., Inc.*, 269 F. Supp. 2d 1064, 1069 (S.D. Iowa 2003). The plaintiff's argument, on the other hand, is simply that the Court applied the law to the facts incorrectly. *See* filing 127 at 15-20. He cites the same caselaw as Judge Kopf, points to the same pleading, and makes the same argument as he'd made in opposing the motion to dismiss—he simply contends that Judge Kopf got it wrong. *Compare* filing 127 at 16-18, *and* filing

174 at 2-4, *with* filing 91 at 23-25. But the remedy for that is a notice of appeal, not a Rule 59(e) motion.

MOTION FOR LEAVE TO AMEND COMPLAINT

As noted above, on February 24, 2022—at the same time the plaintiff mailed his brief in opposition (filing 91) to the Director's motion to dismiss (filing 61)—he also sent a "Motion Requesting Consideration of Issue and Directions" (filing 90), which:

> move[d] the Court to be aware that while Plaintiff met his deadline for filing his opposition brief in response to the Defendant's Rule 12(b)(6) motion to dismiss on February 24, 2022, Plaintiff has not yet completed a proposed second amended complaint and was not able to file a motion requesting leave to amend his complaint simultaneously with his opposition brief on February 24, 2022.
>
> Plaintiff still fully intends to request the Court's leave to file a second amended complaint, but there may be a delay in Plaintiff's ability to do so.
>
> Plaintiff respectfully moves the Court to be aware that Plaintiff still intends to request leave to amend and to make the parties aware of any expectations that the Court may have, or anything else that may serve this Court.

Filing 90 at 1-2. But no motion for leave to amend was received by the Court. Instead, after a couple of extensions, the Director filed a reply brief on May 4. Filing 104. Judge Kopf's memorandum and order granting the motion to dismiss followed 7½ weeks later. Filing 105.

The plaintiff's "Motion Regarding Already Filed Motion" (filing 121) was received by the Court on September 2, 2022. In it, the plaintiff claims that he actually *did* mail a motion for leave to amend his complaint—on May 22, 2022, before the Court granted the Director's motion to dismiss. Filing 121 at 1-24. And he attached a copy of his intended motion for leave, filing 121 at 30-62, along with a copy of his proposed 135-page second amended complaint, filing 121 at 64-198. He wants the Court to consider his motion for leave as having been filed, and having been filed as of May 22. Filing 121 at 1.

The timing matters. A district court does not abuse its discretion in denying a plaintiff leave to amend the pleadings *after* the complaint has been dismissed under Fed. R. Civ. P. 12(b)(6). *Briehl v. Gen. Motors Corp.*, 172 F.3d 623, 629 (8th Cir. 1999). Unexcused delay is sufficient to justify the court's denial if the party is seeking to amend the pleadings after the district court dismissed the claims it seeks to amend, particularly when the plaintiff was put on notice of the need to change the pleadings before the complaint was dismissed. *Uradnik v. Inter Fac. Org.*, 2 F.4th 722, 727 (8th Cir. 2021). The plaintiff must bear the consequences of waiting to address the Court's rulings post-judgment. *Id.* Interests of finality dictate that leave to amend should be less freely available after a final order has been entered. *Par v. Wolfe Clinic, P.C.*, 70 F.4th 441, 449 (8th Cir. 2023).

The plaintiff wants his motion to be treated as pre-judgment instead of post-judgment. But the Court isn't persuaded, given the tortured procedural history of this case, to let the plaintiff off the hook that easily. The plaintiff's argument, essentially, is that he should get credit for filing his motion for leave to amend his complaint only 9 months after the Director's motion to dismiss, instead of 12. True, the plaintiff did file a "motion" advising the Court that he planned to file a motion for leave to amend. *See* filing 90. But honestly, what was the Court supposed to do with that? Hold the Director's motion to dismiss

in abeyance, indefinitely? No. Judge Kopf did the only thing he could do with the plaintiff's "motion"—decide whether the plaintiff would, under the circumstances, be allowed leave to amend.

And as Judge Kopf noted, the plaintiff effectively stood on his operative pleading by repeatedly extending his response deadline and then opposing the motion to dismiss. The plaintiff's *final* response deadline to the motion to dismiss had been set, and seeking leave to plead over a motion to dismiss is as much a "response" as a brief in opposition. The plaintiff made his choice.

Simply put, the blame for the plaintiff's belated motion for leave doesn't rest with the prison mailing system. It rests with the plaintiff, who by his own admission waited until after the Director's motion to dismiss was fully briefed and submitted to the Court to actually move for leave to amend his pleading. A party who doesn't act before a motion is fully submitted has assumed the risk that the Court will actually rule on the motion—and that's true even when a motion is briefed on schedule, much less delayed for months.

That said, the Court may not ignore the Fed. R. Civ. P. 15(a)(2) considerations that favor affording parties an opportunity to test their claims on the merits. *Par*, 70 F.4th at 449. The Court should freely give leave to amend when justice so requires. Rule 15(a)(2). But the policy favoring liberal allowance of amendment doesn't mean that the right to amend is absolute, and a motion to amend should be denied if the plaintiff is guilty of undue delay, bad faith, dilatory motive, or if permission to amend would unduly prejudice the opposing party. *Kozlov v. Associated Wholesale Grocers, Inc.*, 818 F.3d 380, 394–95 (8th Cir. 2016).

It's not hard to find undue delay here. Nor is it hard to find "dilatory motive"—the plaintiff has clearly been filibustering, even if his reasons for

doing so aren't as clear.[3] And the Court also denies leave to amend for two other reasons, both related to the futility of the pleading. Futility is a valid basis for denying leave to amend. *Munro v. Lucy Activewear, Inc.*, 899 F.3d 585, 589 (8th Cir. 2018). When the Court denies leave on the basis of futility, it means the Court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6). *Id.*

First, the plaintiff has already been instructed about compliance with Fed. R. Civ. P. 8, having been denied leave to file a proposed amended complaint "which contains 366 numbered paragraphs, plus numerous subparagraphs," many of which did not "contain factual allegations, but instead consist entirely of legal arguments and summaries of federal statutes, regulations, and caselaw." Filing 30 at 2. But that's much like what the plaintiff proposes to file now: an amended complaint containing 385 numbered paragraphs and numerous subparagraphs, many containing legal argument. Filing 121 at 64-198. The proposed amended complaint is a "dog's breakfast" that doesn't give the defendant fair notice of the grounds for the plaintiff's claim. *See Anderson v. Nebraska*, No. 4:17-CV-3073, 2019 WL 3557088, at \*8 (D. Neb. Aug. 5, 2019), *aff'd*, No. 20-2751, 2021 WL 3730223 (8th Cir. Mar. 3, 2021). As a result, it wouldn't get past a Rule 12(b)(6) motion, and is futile. *See Munro*, 899 F.3d at 589.

---

[3] The Director also argues that he would be prejudiced by having to continue engaging in this litigation. Filing 132 at 13. Having to defend an action, though, isn't the sort of concrete prejudice that warrants denying relief. *Cf. Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 785 (8th Cir. 1998). It wouldn't be hard to imagine more concrete examples of potential prejudice—for instance, discovery might be hampered by the fact that 5 or more years have now passed since some of the events on which the plaintiff's claim relies. But the Director doesn't argue that, so the Court doesn't consider it.

- 8 -

And second, despite the length, the plaintiff still hasn't fixed the problem that led to dismissal of his complaint in the first place. Parties shouldn't be allowed to amend their complaint without showing how the complaint could be amended to save the meritless claim. *GWG DLP Funding V, LLC v. PHL Variable Ins. Co.*, 54 F.4th 1029, 1036 (8th Cir. 2022). And here, the proposed second amended complaint primarily just adds another 2 years' worth of alleged deprivation and harassment to the course of conduct that formed the basis for the plaintiff's previous lawsuit.

The plaintiff's argument is that his "proposed Verified Second Amended Complaint alleges that the old pattern of disability discrimination against him ended in 2016, and then a new pattern of disability discrimination against him arose in 2018, when certain accommodations that Defendant had provided to him were rescinded." Filing 171 at 7. Generally described, the plaintiff alleges that he was in restricted housing from 2010 to 2016, but suffered a mental health crisis and was hospitalized. Filing 121 at 69-70. While hospitalized in the mental health unit, from 2016 to 2018, his disability was allegedly accommodated. Filing 121 at 70. But he was moved back into restricted housing in 2017 or 2018, losing those accommodations. Filing 121 at 70-71.

The result, though, is that the plaintiff is suing the Director now for the same behavior alleged in his previous case. *See* case no. 4:12-cv-3115, filing 225-1 at 30-39. The plaintiff argues that because his claims "arise out of facts that began in late 2017 and early 2018, when he was removed from the Mental Health Unit and deprived of certain programs and services, those claims could not be barred by his prior claims, which were based upon earlier factual events that occurred before he had been placed on the Mental Health Unit and provided accommodations in late 2016." Filing 171 at 13. But those "earlier factual events" were essentially just being deprived of the programs and services he's complaining about being deprived of now.

In other words, in 2017, the plaintiff asserted an ADA claim: "Keeping me in restricted housing is an ADA violation."[4] Judge Kopf found that claim was dismissed with prejudice, filing 105, and the Court doesn't understand the plaintiff's present motions to be taking issue with that legal conclusion, *see* filing 127; filing 174. So the claim from 2017—"Keeping me in restricted housing is an ADA violation"—is claim precluded. And that's the claim the plaintiff is trying to assert now. Were the plaintiff alleging a more discrete claim—for instance, a physical assault—then perhaps he would have a new claim if that conduct was repeated. But here, the gravamen of his claim is that his ongoing treatment in prison violates the ADA. That claim is not meaningfully different now than in 2017, for the reasons explained by Judge Kopf. Filing 105.

But more to the point, the question *on this issue* isn't whether Judge Kopf got it right or wrong—it's whether the proposed second amended complaint fixes the issues Judge Kopf found fatal to the operative complaint. On that point, the plaintiff just argues that "his proposed Verified Second Amended Complaint establishes even more clearly than his Verified Amended Complaint that his claims in this case arise out of events which occurred after the events which were the subject of his prior litigation." Filing 171 at 13. But Judge Kopf knew that. *See* filing 105 at 21. That was never the problem, so the proposed second amended complaint doesn't fix anything.

## CONCLUSION

To summarize: Judge Kopf either got the claim preclusion issue right, or he didn't. But on a Rule 59(e) motion, the Court doesn't re-evaluate whether or not arguments that were fully and fairly presented were actually decided

---

[4] Obviously, that's an oversimplification.

correctly. *See Preston,* 642 F.3d at 652. That disposes of the plaintiff's motion to alter or amend the judgment. And the plaintiff's proposed second amended complaint adds to the narrative, but doesn't allege anything that would change Judge Kopf's conclusion that the plaintiff's ADA claim is precluded. (Not to mention that the proposed second amended complaint was a day late and a dollar short—or actually, weeks late and way too long). Because it's both late and futile, the Court will deny the plaintiff leave to file it. Accordingly,

IT IS ORDERED:

1. The Clerk of the Court is directed to substitute "Rob Jeffreys, Director of the Nebraska Department of Correctional Services, in his official capacity" as the defendant.

2. The plaintiff's "Motion Regarding Already Filed Motion" (filing 121) is denied.

3. The plaintiff's motion to alter or amend the judgment (filing 122) is denied.

Dated this 29th day of September, 2023.

BY THE COURT:

*[signature]*
John M. Gerrard
Senior United States District Judge